UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-110 (JRT)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JACOB JAMES GALL,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Jacob James Gall agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Information, which charges the defendant with false tax return in violation of 26 U.S.C. § 7206(1). The defendant is pleading guilty because he is guilty of this charge.

2. **Factual Basis**. Beginning not later than 2015 and continuing through 2019, the defendant was a resident of Minnesota, and he owned and operated a tree trimming business in Brooklyn Park, Minnesota named Minnesota Tree Experts LLC. Gall's business income was attributable to him for purposes of federal income tax, and he was required to report his net income from the business on his federal Form 1040 individual income tax return.

Beginning not later than 2015 and continuing through at least December 2019, the defendant cashed checks and accepted cash payments from his business customers and



failed to include that income on his federal tax returns. Using this method, the defendant failed to report approximately $687,170 in income for calendar years 2015 through 2019.

On or about September 24, 2020, in the State and District of Minnesota, the defendant,

**JACOB JAMES GALL,**

a resident of Brooklyn Park, Minnesota, did knowingly and willfully make and subscribe a federal Form 1040 individual income tax return for the year 2019, which was verified by a written declaration that it was made under the penalties of perjury and filed with the Internal Revenue Service, and which the defendant did not believe to be true and correct as to every material matter, that is, he reported on said return that his taxable income was $241,526, whereas, as he then and there knew, the correct figure was at least $456,394, all in violation of Title 26, United States Code, Section 7206(1).

Relevant Conduct: In addition to willfully underpaying his federal income taxes for tax year 2019 by falsely reporting his income as charged in Count 1 of the Information, the defendant further admits that he willfully signed and submitted false income tax returns for tax years 2015 through 2018 using the same scheme. The defendant agrees that the total federal tax loss attributable to his conduct for tax years 2015 through 2019 is $216,848, as set forth in the following table:

| Year | 2015 | 2016 | 2017 | 2018 | 2019 |
|---|---|---|---|---|---|
| Tax loss | $26,760 | $49,891 | $62,174 | $14,490 | $63,533 |
| TOTAL | | | | | $216,848 |

3. **Waiver of Indictment.** The defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. The defendant

further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on this offense.

4. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

5. **Statutory Penalties.** The parties agree that Count 1 of the Information carries the following statutory penalties:

    a. a maximum of 3 years' imprisonment;
    b. a maximum supervised release term of 1 year;
    c. a fine of up to $250,000 or twice the gain or loss from the offense;
    d. a mandatory special assessment of $100; and
    e. assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

6. **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and that the Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The parties accordingly stipulate to the following advisory guideline calculations:

a. Base Offense Level. The parties agree that the base offense level is **16** because the corresponding tax loss for the defendant's offense was more than $100,000 but not more than $250,000. (U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(F)). The parties agree that no specific offense characteristics apply.

b. Acceptance of Responsibility. The parties agree that the defendant should receive a **2**-level reduction for acceptance of responsibility. The government further agrees to move the Court for an additional one level reduction if: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. §3E1.1). The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

c. Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

d. Guideline Range. If the total adjusted offense level is **13**, and the criminal history category is **I**, the advisory Sentencing Guidelines range is **12 to 18 months**.

e. Fine Range. If the adjusted offense level is 13, the fine range is $5,500 to $55,000. (U.S.S.G. § 5E1.2(c)(3)).

f. Supervised Release. The Sentencing Guidelines require a term of supervised release of up to one year. (U.S.S.G. § 5D1.2).

g. Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departure or variance from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for any sentence available under the law, including a sentence outside the applicable advisory Guidelines range.

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. There is a special assessment in the amount of $100.00 for each felony count of conviction. The defendant agrees to pay the special assessment prior to sentencing.

10. **Restitution and Disclosure of Assets**. The defendant understands that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, does not apply in this case, but that the parties may agree to an order for restitution under 18 U.S.C. §§ 3556, 3663(a)(3). The defendant accordingly agrees that the Court should order him to pay criminal restitution to the Internal Revenue Service in the total amount of $216,848. He further understands that The IRS will use the restitution order as the basis for a civil assessment and he does not have the right to challenge this assessment. *See* 26 U.S.C. § 6201(a)(4). Neither the existence of a restitution payment schedule, nor Gall's timely payment of restitution according to that schedule, will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint, under 26 U.S.C. § 6331.

The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The defendant agrees to cooperate with the IRS and the State of Minnesota in the assessment and payment of any current outstanding tax liability. The defendant agrees that neither this agreement nor anything relating to the criminal proceedings limits the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period(s) covered by this agreement or any other time period.

The defendant represents that he will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest which shall include all assets held in defendant's own name or in the name of another including those held by spouse, nominee or other third party, in any property, real or personal. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, forfeiture and fines ordered by the Court. The defendant agrees to complete a financial statement fully and truthfully within 30 days after the entry of this Plea Agreement. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets. The defendant agrees that, at the discretion of the U.S. Attorney's Office, the defendant will submit to one or more interviews or depositions under oath regarding financial issues prior to sentencing.

11.   **Waivers**. The defendant understands that by pleading guilty, he waives all rights to a trial or appeal on the question of guilt or innocence. The defendant expressly waives the right to petition under 28 U.S.C. § 2255, except for a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act ("FOIA") and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A. The defendant has discussed these rights with his attorney, understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

12.   **Complete Agreement**. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

ANDREW M. LUGER
United States Attorney

Date: 7/5/22

BY: ROBERT M. LEWIS
Assistant U.S. Attorney

Date: 07/05/22

JACOB JAMES GALL
Defendant

Date: 7/5/22

HANNAH L. MARTIN   Hillary Parsons
JOSEPH P. TAMBURINO
Counsel for Defendant

7